UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Alejandro Llamas-Delgado,

Defendant.

Criminal No. 17-cr-144 (JNE/BRT) (1)
Civil No. 22-cv-1920 (JNE)

ORDER

This matter is before the Court on two motions brought by Defendant Alejandro Llamas-Delgado, proceeding pro se. The first seeks to vacate Defendant's sentence pursuant to 28 U.S.C. § 2255. The second seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c). For the following reasons, the Court will deny both motions.

## BACKGROUND

A jury convicted Defendant of conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and of possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). ECF No. 241. In May 2018, varying downward from the U.S. Sentencing Guidelines range, the Court imposed a sentence of 300 months of imprisonment to be followed by five years of supervised release. The Court of Appeals affirmed Defendant's conviction. *United States v. Ramirez-Maldonado*, 928 F.3d 702, 704 (8th Cir.), *cert. denied*, 140 S. Ct. 425 (2019). The Supreme Court denied Defendant's petition for a writ of certiorari on October 15, 2019. ECF No. 308.

Defendant first moved for a sentence reduction in November 2020. The Court denied that motion in February 2021. In July 2022, Defendant filed the pending motion to vacate his sentence. The government did not respond to the substance of the motion, but instead moved to dismiss Defendant's motion as time-barred. Defendant responded in opposition to the government's motion to dismiss, further explaining why—in his view—the Court should treat his Section 2255 motion as timely filed. Defendant also filed a second motion for a sentence reduction. The Court finds that the motion for a sentence reduction can be decided without a response from the government.

## DISCUSSION

### I. Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255

For the reasons below, the Court finds that the applicable limitations period bars Defendant's motion to vacate his sentence, and that the limitations period is not subject to equitable tolling. The Court therefore will grant the government's motion and deny Defendant's Section 2255 motion.

#### A. Timeliness

A Section 2255 motion is subject to a one-year limitations period. 28 U.S.C. § 2255(f). Here, the limitations period began to run on October 15, 2019—the date on which the Supreme Court denied Defendant's petition for a writ of certiorari, making his judgment of conviction final. *See Campa-Fabela v. United States*, 339 F.3d 993, 993–94 (8th Cir. 2003); ECF No. 308.[1] Defendant filed his Section 2255 motion more than 33

[1] Defendant does not claim that any of the circumstances listed at 28 U.S.C. § 2255(f)(2)–(4) apply.

months after the limitations period began to run. The motion is therefore more than 21 months too late unless the limitations period is equitably tolled.

The Section 2255 limitations period may be equitably tolled "only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (cleaned up). Equitable tolling thus offers "an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). Defendant claims several barriers to timely filing, but fails to show that they are "extraordinary circumstance[s]" that could justify tolling the limitations period for 21 months.

First, Defendant asserts that, until July 2021, he lacked "any of his court transcript[s] or any other documents that would aid [him] in filing" a pro se Section 2255 motion, despite efforts to obtain such documents from his trial and appellate counsel. ECF No. 325 at 1. "Possession of a transcript, however, is not a condition precedent to the filing of such proceedings" for post-conviction relief. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (considering 28 U.S.C. § 2254 petition); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (recognizing that the "same analysis guides" equitable tolling for Section 2255 motions and Section 2254 petitions). Moreover, Defendant does not explain "which particular claims [he] was prevented from raising by the lack of a complete transcript" and other documents that he assertedly requested but does not describe. *Cf. Gassler*, 255 F.3d at 495 (finding that delays in obtaining a trial transcript did not require equitable tolling). Nor is the effect of a lack of documents

apparent from Defendant's motion, which attacks the constitutionality of Defendant's statutes of conviction and argues that counsel gave ineffective advice regarding a plea agreement. Defendant has not shown that lack of access to his case materials "stood in his way and prevented timely filing," *Muhammad*, 735 F.3d at 815 (cleaned up).

Second, Defendant contends that the facility where he was imprisoned "would not allow access to legal research materials or legal assistance during COVID-19 lockdowns and [he] did not know where to start[.]" ECF No. 325 at 2. Although lockdowns may have reduced access to research materials, an unrepresented prisoner's lack of legal resources does not necessarily justify equitable tolling. The Eighth Circuit held that a five-month period of confinement in a Special Housing Unit—allegedly without access to a prison law library or personal legal documents—was not an "extraordinary circumstance" warranting equitable tolling where the movant could send letters during that period. *Muhammad*, 735 F.3d at 815. Here, the fact that Defendant filed a motion for compassionate release in November 2020, and a supporting reply in January 2021,[2] shows that Defendant was able to prepare and file legal documents during at least some periods of the COVID-19 pandemic. Defendant does not specify when, if ever, such activities were impossible.

Third, Defendant states that he has been transferred between prisons "due to COVID-19" and "stuck in transit" during the limitations period. Transfers between

---

[2] These filings were not merely "fill-in-the-blank," as Defendant claims, ECF No. 325 at 2. Both were handwritten documents citing legal authorities, and the reply discussed Defendant's individual circumstances. *See* ECF Nos. 309, 315.

prisons do not necessarily constitute "extraordinary circumstance[s]" absent a showing that those transfers prevented timely filing. *See, e.g.*, *United States v. Spencer*, No. 14-cr-3221 (SRN/TNL), 2021 WL 5644347, at *7 (D. Minn. Dec. 1, 2021) (concluding that movant failed to show extraordinary circumstances despite alleging "numerous prison transfers"); *United States v. Iyamu*, No. 18-cr-87(1) (ADM/KMM), 2021 WL 2156456, at *3 (D. Minn. May 27, 2021) (holding equitable tolling not warranted even where movant alleged that he had "been in an almost constant state of transit for more than a year" during the COVID-19 pandemic, where movant did not show lack of access to writing materials during time spent in transit). In the instant case, Defendant offers no details regarding the approximate dates or number of times he was transferred. The Court is unable to conclude that transfers between prisons prevented timely filing.

In sum, Defendant fails to show extraordinary circumstances that would support tolling the limitations period for 21 months, as would be necessary to render Defendant's Section 2255 motion timely. The Court accordingly will grant the government's motion to dismiss the Section 2255 proceedings as time-barred.

**B. Evidentiary Hearing**

"An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief[.]" *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (per curiam). The Court finds that the record conclusively shows that the motion is time-barred and that equitable tolling is not warranted, and that Defendant therefore is not entitled to the relief he seeks. The Court thus declines to hold an evidentiary hearing.

### C. Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under [28 U.S.C. § 2255]." 28 U.S.C. § 2253(c)(1). Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make a substantial showing, the movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). Defendant has not shown that the dispositive issue—whether Defendant is entitled to equitable tolling—is debatable among reasonable jurists or worthy of further proceedings. Therefore, no certificate of appealability shall issue.

## II. Motion for Sentence Reduction

In September 2022, Defendant filed a two-page motion for a sentence reduction pursuant to 18 U.S.C. § 3582.[3] Defendant states that he "would like to be home to help raise [his] children and help [his] mother," who—according to Defendant—suffers from diabetes and needs a caregiver. ECF No. 323. The government has not responded, and the Court finds that no response is necessary.

As relevant here, Section 3582 allows a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction," subject to certain

---

[3] The motion also cites 18 U.S.C. § 3553(c)(1). That provision does not authorize a court to grant a sentence reduction.

conditions. 18 U.S.C. § 3582(c)(1)(A)(i). A prisoner may move for a sentence reduction under that provision only after the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). A prisoner seeking relief under Section 3582(c)(1) bears the burden to establish that a sentence reduction is warranted; "the district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

Defendant fails to show exhaustion. He states that he has "exhausted all remedies at the institution," but he does not substantiate this assertion with any evidence or details describing his efforts. Courts regularly deny Section 3582(c)(1)(A) motions based on movants' failure to show that they meet this provision's administrative exhaustion requirement. *See, e.g.*, *United States v. Klopfenstein*, No. 4:18-CR-860 (HEA), 2021 WL 1400958, at *1 (E.D. Mo. Apr. 14, 2021); *United States v. Clark*, No. CR-11-3034-LTS, 2020 WL 4507325, at *4 (N.D. Iowa Aug. 5, 2020) (denying relief based on movant's failure to "submi[t] *any* evidence – not even an affidavit – to support his assertion that he submitted a request to the warden more than 30 days ago"); *United States v. Kinley*, No. 1:16-CR-10018-003, 2020 WL 2744115, at *2 (W.D. Ark. Apr. 17, 2020).

Even if Defendant had fulfilled the exhaustion requirement, his motion fails to show "extraordinary and compelling reasons" for a sentence reduction. Defendant seeks early release so that he can provide care for his mother and children. The Court assumes

without deciding that a parent's need for care could support compassionate release in some circumstances. But Defendant fails to show that such circumstances exist here. Defendant offers no evidence to confirm his mother's medical needs or to establish that no one else reasonably could attend to those needs. *Cf. United States v. Ledezma-Rodriguez*, 472 F. Supp. 3d 498, 507 (S.D. Iowa 2020) (finding insufficient evidence for family circumstances to independently justify compassionate release, even where a defendant had provided medical evidence of his mother's ailments and a letter from one of the defendant's siblings stating that she could not provide care). Nor does he claim that his children lack an available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(C)(i) (providing that the "death or incapacitation of the caregiver of the defendant's minor child or minor children" constitutes an extraordinary and compelling reason supporting a sentence reduction); *cf. United States v. McClellan*, No. 16-cr-102 (ADM/HB), 2021 WL 1873426, at *3 (D. Minn. May 10, 2021) (finding that the death of the mother of the defendant's children was not grounds for a sentence reduction where the children were in the care of relatives and the defendant had "no previous history of being a caregiver" for them), *aff'd*, No. 21-2175, 2021 WL 5822704 (8th Cir. June 3, 2021).

Because Defendant has failed to demonstrate that he has exhausted his administrative remedies and, in any event, fails to show circumstances that warrant early release, the Court will deny Defendant's motion for a sentence reduction.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The government's motion to dismiss [ECF No. 322] is GRANTED.

2. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 320] is DENIED.

3. Civil Case No. 22-1920 (JNE) is DISMISSED WITH PREJUDICE.

4. No evidentiary hearing is required in this matter.

5. No certificate of appealability shall issue.

6. Defendant's motion for a sentence reduction [ECF No. 323] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 24, 2022

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge